UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAULETTE FRANKLIN,<br>Plaintiff,<br><br>VERSUS<br><br>OCCIDENTAL FIRE & CASUALTY<br>COMPANY OF NORTH CAROLINA,<br>Defendant. | CIVIL ACTION NO. 23-4483<br><br>SECTION: "A" (2)<br><br>JUDGE JAY C. ZAINEY<br><br>MAGISTRATE JUDGE DONNA<br>PHILLIPS CURRAULT |

## ORDER AND REASONS

Before the Court is Defendant Occidental Fire & Casualty Company of North Carolina's ("Occidental") **Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (Rec. Doc. 19)** ("Motion"). The Motion was originally set for submission on Wednesday, September 4, 2024. (Rec. Doc. 19-2). Pursuant to Local Rule 7.5 of the Eastern District of Louisiana, Plaintiff's response in opposition was due eight days prior to the submission date, but Plaintiff failed to file an opposition to Defendant's Motion. In the interest of justice, the Court sua sponte reset the Motion for consideration on October 2, 2024. (Rec. Doc. 20).[1] The Motion remains unopposed.

Defendant moves the Court for dismissal of Plaintiff's claims based on her violation of Magistrate Judge Michael North's May 28, 2024 Order ("Order") that she make initial disclosures no later than June 11, 2024.[2] The Order, which is attached to Defendant's Motion, states "Failure to comply with [the June 11, 2024] deadline may result in sanctions, including but not limited to dismissal of the case."[3]

Notably, the Motion seeks dismissal "pursuant to Federal Rule of Civil Procedure 12(b)(6)," but is not supported by any law related to the Rule.[4] And whether Plaintiff "fail[ed] to state a claim

---

[1] In its September 16, 2024 Order, the Court warned "If the plaintiff fails to timely respond to the motion to dismiss prior to October 2, 2024, the motion to dismiss will be summarily granted and the action dismissed with prejudice." Rec. Doc. 20.
[2] Rec. Doc. 19-1, at 1.
[3] Rec. Doc. 19-3.
[4] Rec. Doc. 19-1. The Court notes that the Motion relies almost exclusively on Louisiana law.

upon which relief can be granted" is not at issue here. FED. R. CIV. P. 12(b)(6). As such, the Court finds that Plaintiff's claims should be dismissed, but not by way of Rule 12(b)(6).

The Court instead dismisses Plaintiff's claims with prejudice under Rule 41(b) based on her failure to prosecute her claims and failure to comply with court orders. FED. R. CIV. P. 41(b).

> Dismissal with prejudice [under Rule 41(b)] is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice. In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct.

*Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 845 (5th Cir. 2018). Clear record of delay is evidenced by Plaintiff's absence at the May 28, 2024 status conference (Rec. Doc. 17), her failure to file initial disclosures by the June 11, 2024 deadline ordered by Magistrate Judge North (Rec. Doc. 19-1, at 1-2), and her successive failures to file a response in opposition to Defendant's Motion (*see* Rec. Doc. 19-1; Rec. Doc. 20). For the same reasons, lesser sanctions would also not serve the best interests of justice. Indeed, the Court sua sponte granted Plaintiff additional time to file a response for precisely this reason. (Rec. Doc. 20).

Accordingly;

**IT IS ORDERED** that, pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

October 2, 2024

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE